UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LYDIA BRYANT,
an individual,

    Plaintiff,

v.

                                                      Case No.:

SENIOR NANNIES HOME CARE
SERVICES, LLC

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

The Plaintiff, LYDIA BRYANT ("Plaintiff" or "Bryant"), by and through the undersigned counsel, sues, Defendant, SENIOR NANNIES HOME CARE SERVICES, LLC ("Defendant" or "Senior Nannies") pursuant to Federal Statute 29 U.S.C. 216 the Fair Labor Standards Act (the "FLSA").

### INTRODUCTION

Defendant owns and operates a home health care company conducting business throughout the State of Florida, including the Tampa Bay area. The Defendant willfully did not pay Plaintiff time and one-half for any hours she worked over forty (40) in any given week, and often did not pay her for regular time work she performed.

### PARTIES, JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §§ 1331 and 1337 and 29 U.S.C. § 216(b) because this action involves a federal question under the Fair Labor Standards Act.

2. Venue is proper in this District because Defendant conducts substantial business in Hillsborough County. Furthermore, the damages complained of occurred in Hillsborough County.

3. Plaintiff was a resident of Hillsborough County, Florida at all times material hereto and was working for the Defendants as home health care provider from approximately January 2018 through October 2018.

4. Defendant Senior Nannies is a home health care company operating in Hillsborough County, Florida.

5. At all times relevant to this action, Plaintiff was an employee of the Defendant within the meaning of 29 U.S.C. §203(e)(I).

6. At all times material hereto, Senior Nannies was an enterprise engaged in commerce within the meaning of the FLSA.

7. At all times material hereto, Senior Nannies was an employer within the meaning of the FLSA.

8. Upon information and belief, Defendant is subject to the FLSA pursuant to enterprise coverage because the annual gross revenue of Defendant exceeds more than $500,000 per year during the relevant time periods.

9. Upon information and belief, Defendant is engaged in interstate commerce, as it accepts and takes credit card payments interstate, as well as employs and hires employees from outside Florida.

10. All conditions precedent to the filing of this action have been performed.

## GENERAL ALLEGATIONS

11. Plaintiff was employed by the Defendant from approximately January 2018 and until October 2018.

12. Plaintiff was hired by Defendant as a home health care provider.

13. During the months of January 2018 through and until October 2018, Plaintiff was an hourly employee and was paid as an hourly employee.

14. Plaintiff was paid twelve dollars an hour for any work that was done as a home health care provider.

15. Plaintiff often worked twelve hour days, seven days a week.

16. Plaintiff was supposed to be paid bi-weekly for the hours she worked.

17. Plaintiff was only paid straight time for all the hours she worked and there were times that even the straight time was not paid correctly.

18. Defendant was aware of the hours that the Plaintiff was working as they required it.

19. Plaintiff has yet to be paid the time and one-half she is owed under the FLSA for hours worked over forty in any given week.

20. Defendant willfully and intentionally chose not to even pay Plaintiff the legally mandated time and one-half the regular wage for all the hours that she worked on Defendant's behalf over forty in any given week.

## COUNT I
## VIOLATION OF THE FLSA §207: OVERTIME WAGE VIOLATION

21. Plaintiff re-adopts and alleges paragraphs one through twenty as if fully set forth herein.

22. This is an action for failure to pay time and one-half the regular wage under the FLSA, 29 U.S.C. § 207.

23. Plaintiff worked consistently over forty hours a week between the months of January 2018 through October 2018.

24. Defendant willfully refused to pay her time and one-half her regular wage for any hours she worked over forty.

25. Defendant failed to timely correct their violations after having known and been put on notice of the same.

26. As a result, Plaintiff has been damaged and is entitled to a back pay award of all minimum wage for all hours worked, plus an equal amount as a penalty, pursuant to the FLSA, as well as attorney's fees and costs.

WHEREFORE, Plaintiff, Lydia Bryant, demands judgment against Defendant as follows:

A. For the payment of all hours worked for the three (3) years preceding the filing of this lawsuit at the correct applicable overtime wage rate for the hours worked by Plaintiff for which Defendant did not properly compensate her;

B. Pre-judgment interest;

C. Double the sum in liquidated damages;

D. Her attorney's fees and costs; and

E. Any and all further relief that this Court determines to be just and appropriate.

## COUNT II
## BREACH OF CONTRACT FOR UNPAID WAGES

27. Plaintiff re-adopts and alleges paragraphs one through twenty as if fully set forth herein.

28. At all relevant times to Count II, Defendant employed Plaintiff as a home health care provider.

29. To date, Defendant refuses to pay Plaintiff her agreed upon wages for work performed for Defendant for the months of January 2018 through October 2018.

30. Defendant has not produced any documentation stating that Plaintiff is not entitled to the wages she has earned.

31. Defendant wrongfully and illegally deprived Plaintiff of wages and/or commissions that she is lawfully entitled.

32. Plaintiff has suffered financial harm as a direct and proximate result of Defendant's unlawful conduct.

**WHEREFORE**, Plaintiff, Lydia Bryant, demands judgment as follows:

A. For all damages from Defendant's violations of Fla. Stat. §448.01, et seq.;

B. Pre-judgment interest and back pay; and

C. Any and all further relief that this Court determines to be just and appropriate.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by this Complaint and on all other issues so triable.

Dated this October 31, 2019.

Respectfully submitted,

/s/ James J. Wimsatt
James J. Wimsatt
Florida Bar No. 68014
Ayo and Iken, PLC
703 W. Bay Street
Tampa, Florida 33606
813-774-4529
James@myfloridalaw.com
Arely@myfloridalaw.com
Attorney for Plaintiffs